# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE HULLABY, | Case No.: 1:21-cv-00569-JLT (HC) |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION |
| v. | |
| CHRISTIAN FEIFFER, Warden, | [THIRTY-DAY DEADLINE] |
| Respondent. | |

Petitioner filed a Petition for Writ of Habeas Corpus on April 5, 2021.  (Doc. 1.)  A preliminary screening of the petition reveals that the petition fails to demonstrate exhaustion of state remedies.  Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.      DISCUSSION**

A.      Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Petitioner has indicated that he has not exhausted his state remedies by first seeking relief in the state courts. (Doc. 1 at 9.) If he has not, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is entirely unexhausted. Rose, 455 U.S. at 521-22. If in fact Petitioner has fully exhausted his claims, he must so indicate in his amended petition.

Petitioner will be granted an opportunity to file a First Amended Petition curing the foregoing deficiency. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number.

**II.  ORDER**

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

///

///

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: **April 8, 2021**              _/s/ Jennifer L. Thurston
                                       CHIEF UNITED STATES MAGISTRATE JUDGE